UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER JAMES ATHERTON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA OFFICE<br>OF THE MAYOR *et al*,<br><br>　　　　　　　　Defendants. | Civil Action 04-0680 (HHK) |

**MEMORANDUM OPINION**

In this civil rights action filed *pro se*, plaintiff challenges his removal on April 11, 2001, from a grand jury convened in the Superior Court of the District of Columbia. He names as defendants the District of Columbia Office of the Mayor, the Superior Court Office of the Clerk, Superior Court Clerk Duane Delaney, Director of Special Operations Division Roy Wynn and Jury Officer Suzanne Bailey-Jones (collectively "the D.C. defendants"), as well as the Department of Justice Office of the Attorney General and Assistant United States Attorney ("AUSA") Daniel M. Zachem ("the federal defendants").[1]

Presently before the Court are the motions to dismiss brought separately on behalf of the District of Columbia, each named individual D.C. defendant and the federal defendants. In addition, plaintiff has pending a motion for default judgment. Because a default has not been entered against any defendant, plaintiff's motion for judgment based on default will be denied.

---

[1] Defendants rightly assert that the Office of the Mayor and the Superior Court Clerk's Office may not be sued separately from the District of Columbia. The Court hereby substitutes the District of Columbia as the proper defendant.

Upon consideration of the defendants' respective motions, plaintiff's opposition and the entire record, the Court will grant defendants' motions to dismiss and will dismiss the case.

## I.  BACKGROUND

Plaintiff is a resident of the District of Columbia.  He alleges that he was sworn to serve as a grand juror beginning April 9, 2001, for 25 days.  When plaintiff sought to obtain information not provided to him in "a grand jury instruction book identifying crimes and their elements," he upset "a few grand jurors" because the grand jury "had voted for indicting, albeit without knowing the elements of the charge [thereby necessitating] a new vote . . . once the elements of the charge were known."  Compl. ¶¶ 17-20.  On April 11, 2001, AUSA Zachem told plaintiff to report to Wynn immediately.  *Id*. ¶ 22.  He was then directed to Bailey-Jones' office "where he was summarily permanently dismissed, allegedly because he was disruptive."  *Id*. ¶ 24.  Plaintiff was paid for three days of service.  *Id*. ¶ 31.  He unsuccessfully sought written reasons for his removal from the grand jury.  *Id*. ¶¶ 25, 28, 31.  Plaintiff accuses defendants of fraud (Count 1) and civil rights violations (Count 2).

On April 9, 2004, the Office of the Clerk of this Court received plaintiff's complaint and motion to proceed *in forma pauperis*.  On April 27, 2004, this Court granted plaintiff's motion to proceed *in forma pauperis* and then *sua sponte* dismissed the complaint for lack of subject matter jurisdiction.  *See* Order (Apr. 27, 2004).  By Order of June 21, 2005, the Court of Appeals for the District of Columbia Circuit reversed and remanded the case to the district court.  *See* Dkt. No. 11 (Mandate) (Aug. 24, 2005).  The case was assigned to the undersigned judge on August 4, 2006, and summonses were issued on August 11, 2006.  Beginning in September 2006, defendants began to file motions to dismiss and to quash service.  Plaintiff has opposed each motion.

## II.  DISCUSSION

### *The District of Columbia Defendants' Motions to Dismiss*

The D.C. defendants advance common grounds for dismissal, two of which will be resolved with little discussion.

    1. <u>Improper Service of Process</u>

Defendants seek dismissal for improper service of process, asserting that they were not served within 120 days of the filing of the complaint and that the individual defendants sued in their official and individual capacities were not personally served.  Plaintiff's appeal of the dismissal order tolled the running of the time for service.  In any event, plaintiff's proceeding *in forma pauperis* places the responsibility of proper service on this court's officers.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").  Accordingly, plaintiff should not and will not be penalized for any deficiencies in service of process.

    2. <u>Statute of Limitations</u>

Defendants also seek dismissal on the ground that the complaint is barred by the District of Columbia's three-year statute of limitations.  They reasonably base this claim on the date that the complaint was formally filed, April 27, 2004.  Plaintiff rightly asserts, however, that the complaint and his application to proceed *in forma pauperis* were presented to the Clerk's Office on April 9, 2004, as evidenced by the Clerk's received stamp appearing on the back of the original paper complaint located in the Clerk's jacket.  The administrative delay between the submission of a complaint and its formal filing after the Court's granting of leave to proceed *in forma pauperis* is not attributable to the plaintiff.  *See Washington v. White*, 231 F. Supp.2d 71, 75-76 (D.D.C. 2002) (citing cases).  The events forming the basis of the complaint occurred on

April 11, 2001. Plaintiff's submission of the complaint to the Clerk's Office on April 9, 2004, constitutes a timely filing. Consequently, Defendants' arguments in support of their motion to dismiss based on the statute of limitations can not be sustained.

    3. <u>Failure to State a Claim</u>

Delaney, Wynn and Bailey-Jones each assert that the complaint fails to state a claim upon which relief may be granted. A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted if it appears, assuming the alleged facts to be true and drawing all inference in plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner,* 127 F.3d 1121, 1123 (D.C. Cir. 1997), *cert. denied,* 531 U.S. 1147 (2001); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In ruling on a motion to dismiss, the Court must liberally construe the complaint. It need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276.

Plaintiff brings his federal claim under 42 U.S.C. §§ 1983, 1985 and 1986. Compl. at 10. Section 1983 creates a cause of action against individuals who have violated "rights, privileges, or immunities secured by the Constitution and laws" while acting under color of state law. 42 U.S.C. § 1983. Section 1985 creates a cause of action against individuals who allegedly engaged in a conspiracy to violate civil rights. As will become apparent, the complaint provides no basis for § 1985 liability. And, the § 1986 claim is time-barred. Section 1986 extends liability to individuals who "neglect to prevent" such a conspiracy, provided that the action is "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. As discussed above, plaintiff filed this action nearly three years after its accrual. The Court turns next to the merits of the § 1983 claim.

Because § 1983 claims are against a defendant in his or her personal capacity, plaintiff must show that the defendant was personally and directly involved in the wrongful acts. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Recovery may not be based on a theory of *respondeat superior* or vicarious liability. *Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989) (citation omitted).

*A. Plaintiff Fails to State a Clam Against Defendants Delaney and Wynn*

Clerk Delaney is accused of having "defended Wynn [and] Bailey-Jones," Compl. ¶¶ 5, 42, and Director Wynn is accused of having "confirmed the dismissal and thereby continued the perpetration of the fraudulent authority."[2] *Id*. ¶ 41. These allegations do not support any personal involvement by Delaney and Wynn in the decision to remove plaintiff from the grand jury. Plaintiff therefore fails to state a claim upon which relief may granted against these defendants in their individual capacities. *See Cameron*, 983 F.2d 257-58 (dismissing claims against high-level policymakers "[i]n the absence of any allegations specifying [their] involvement").

A lawsuit for damages against "municipal officials in their official capacities is [] equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted). Because the District of Columbia is also a party-defendant, the complaint against Delaney and Wynn in their official capacities is duplicative and therefore will be dismissed.

---

[2] In addition to the federal claim, plaintiff accuses these defendants of committing fraud by knowingly misrepresenting their authority to remove him from the grand jury when, in fact, "any purported authority for removal requires a decision by [the Superior Court Chief Judge] or his designee." Compl. ¶ 60. Because no federal claims will remain after this disposition, the Court declines to exercise supplemental jurisdiction over the common law claim.

5

*B. Plaintiff States a Claim Against Defendant Bailey-Jones*

Bailey-Jones and AUSA Zachem are the only named defendants directly implicated in plaintiff's removal. *See* Compl. ¶¶ 22-27. Plaintiff claims that these defendants denied him due process before depriving him of property and liberty interests, in violation of the Fifth Amendment. *See* Compl. ¶ 57. If such is the case, plaintiff would have been entitled at a minimum to notice and an opportunity to be heard. *UDC Chairs Chapter, American Ass'n of University Professors v. Board of Trustees of University of District of Columbia*, 56 F.3d 1469, 1471-72 (D.C. Cir. 1995) (citations omitted).

"Property interests 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Roth v. King*, 449 F.3d 1272, 1284 (D.C. Cir. 2006) (*quoting Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 756, 125 S. Ct. 2796, 2803 (2005)). The deprivation of a property interest arises to constitutional dimension only upon a showing that the individual had "a legitimate claim of entitlement" to the property, rather than an abstract need or desire for it. *Id*. (internal quotation marks omitted); accord *Doe by Fein v. Dist. of Columbia*, 93 F.3d 861, 868 (D.C. Cir. 1996); *Stewart v. Gaines*, 370 F. Supp.2d 293, 295-96 (D.D.C. 2005). Plaintiff has not pointed to any source creating a valid property interest in jury service. He therefore has not stated a claim based on a property deprivation.

In identifying a liberty interest, courts may look to the Constitution or statutory law. *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996). There is no constitutional right to serve on a grand jury. If such a right exists under District of Columbia law, *see* D.C. Code §§ 11-1901, 1908, it is not without limitation. District of Columbia law authorizes the exclusion of "an individual summoned for jury service [if] his . . . service as juror would be likely to

6

disrupt the proceedings," D.C. Code § 11-1908(b)(1), and provides that "[t]he procedures for challenges to and review of exclusions from jury service shall be set forth in the jury system plan." D.C. Code § 11-1908(c). Plaintiff alleges that "Bailey-Jones concurred" in his request "that the reasons for the disruption . . . be reduced to writing," Compl. ¶ 25, thereby suggesting some procedural protection. The Court cannot conclude that plaintiff can prove no set of facts to support his due process claim based on the deprivation of a liberty interest under District of Columbia law.

Plaintiff also speculates that he was removed because of his Hispanic origin based on the fact that he thanked a witness in Spanish in a "homicide case involving a Black-Hispanic altercation." Compl. ¶ 64. He alleges that "he was the only semi-fluent Spanish speaking grand juror and [] is in fact half Mexican." *Id*. ¶ 67. D.C. Code § 11-1903 prohibits exclusion from jury service "on account of race, color, religion, sex, national origin, ancestry, economic status, marital status, age, or (except as provided in this chapter) physical handicap." *Id*. Assuming the truth of plaintiff's allegation, the Court determines that he has stated a claim under the equal protection clause of the Constitution sufficiently to survive a motion to dismiss. *See, e.g., J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 128, 114 S.Ct. 1419, 1421 (1994) ("[P]otential jurors, as well as litigants, have an equal protection right to jury selection procedures that are free from state-sponsored group stereotypes rooted in, and reflective of, historical prejudice.").

### C. Defendant Bailey-Jones is Entitled to Immunity

Bailey-Jones asserts that she is entitled to qualified and judicial immunity. Like judges, court officers are absolutely immune from a damages lawsuit for actions taken in their judicial or quasi-judicial capacity. *See Forrester v. White,* 484 U.S. 219, 225 (1988); *Stump v. Sparkman,* 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). This is so even if the action taken "was in error . . . or was in excess of [the employee's] authority." *Wagshal v. Foster*, 28 F.3d 1249, 1253 (D.C. Cir. 1994) (citations and internal quotation marks

omitted); *see Sindram*, 986 F.2d at 1461 ("[I]mmunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'") (citations omitted).

It cannot be reasonably argued that Bailey-Jones was not performing tasks related to her position as jury officer in removing plaintiff from the grand jury. And, there is no basis for finding that she was acting completely without jurisdiction. District of Columbia law permits the exclusion from jury service if the "juror would be likely to disrupt the proceedings." D.C. Code § 11-1908(b)(1). Plaintiff concedes that "a few grand jurors seemed upset" about his actions, Compl. ¶ 20, that he was dismissed "allegedly because he was disruptive," *id*. ¶ 24, and that he "apologized to Bailey-Jones for any misperceived misconduct on his part . . . ." *Id*. ¶ 26. Moreover, plaintiff claims that Bailey-Jones' decision to remove him had stemmed from the complaints of other grand jurors that AUSA Zachem had "coordinated" and "communicated" to Bailey-Jones. *Id*. ¶ 34. Plaintiff's own admissions provide adequate support for Bailey-Jones' defense of absolute immunity.

### D.  Plaintiff Fails to State a Claim of Municipal Liability

A municipality, such as the District of Columbia, may be held liable under 42 U.S.C. § 1983 only when it is shown that the individual wrongdoer was acting pursuant to an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality. *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004); *Daskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388 (1997) (emphasis and internal quotation marks in original).

Plaintiff argues that Bailey-Jones was acting outside the scope of her authority because the applicable statute authorizes removal only by a judge. *See* Pl.'s Opp. at 7-10. Defendant acknowledges "some ambiguity in . . . Section 11-1908(b)(1)," authorizing removal of a disruptive juror by the "Court." Bailey-Jones' Mot. at 9. This is of little significance here, however, because municipal liability may not be predicated on the unauthorized vicarious acts of municipal employees. *Graham v. Davis*, 880 F.2d 1414, 1420-21 (D.C. Cir. 1989). Plaintiff therefore has failed to state a § 1983 claim against the District of Columbia.

### *The Federal Defendants' Motion to Dismiss*

The United States and AUSA Zachem raise the same procedural grounds for dismissal, *i.e.*, improper service and statute of limitations, as the District of Columbia defendants. Their motion to dismiss on these grounds will be denied for the reasons previously stated.

### *A. Defendant Zachem Was Acting Within the Scope of His Employment*

Pursuant to 28 U.S.C. § 2679(d)(1), the Chief of the Civil Division of the United States Attorney for the District of Columbia has certified that AUSA Zachem was acting within the scope of his employment at the time of the events forming the basis of the complaint. Fed. Def.'s Mot., Attach. Because the certification "constitute[s] *prima facie* evidence," *Council on American Islamic Relations v. Ballenger,* 444 F.3d 659, 662 (D.C. Cir. 2006), plaintiff has the burden of proving the opposite "by alleging facts that, if true, would establish that the defendant[] [was] acting outside the scope of [his] employment." *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (*citing Kimbro v. Velten*, 30 F.3d 1501, 1508-09 (D.C. Cir. 1994)). In determining whether a federal employee was acting within the scope of his employment, the Court applies the law of the District of Columbia, which is drawn from the *Restatement (Second) of Agency*. *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C. Cir. 1995); accord *Council on American Islamic Relations,* 444 F.3d at 663. "Although scope of employment is generally a question for the jury, it 'becomes a question of law for the court,

9

however, if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of the employment.'" *Council on American Islamic Relations,* 444 F.3d at 663 (*quoting Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984) (collecting cases)); accord *Stokes*, 327 F.3d at 1216 ("Not every complaint will warrant further inquiry into the scope-of-employment issue.").

"[A]n employee's conduct falls within the scope of employment if: 1) it is of the kind of conduct he is employed to perform; 2) it occurs substantially within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master; and 4) if force is intentionally used by the servant against another, the use of force is not unexpected by the master." *Majano v. U.S.*, 469 F.3d 138, 141 (D.C. Cir. 2006) (*citing Restatement (Second) of Agency* § 228 (1957)). The first three requirements are applicable here.

The first requirement encompasses conduct either "of the same general nature as that authorized or incidental to the conduct authorized." *Council on American Islamic Relations,* 444 F.3d at 664 (*quoting Haddon,* 68 F.3d at 1424) (internal quotation marks and emphases omitted). Plaintiff contends that Zachem acted beyond the scope of his prosecutorial duties when he allegedly "collected and coordinated grand juror complaints and acted in concert with Super. Ct. clerks to remove [him] from the grand jury." Pl.'s Response to Defendant's Replies Addressing Defendant's Dismissal Motions ("Pl.'s Sur-reply") [Dkt. No. 50] at 5. It is undisputed, however, that the alleged wrongdoing occurred during AUSA Zachem's performance of his official duties, *i.e.*, presenting evidence to the grand jury, and during normal business hours at Superior Court. The first and second requirements are satisfied. With respect to the third requirement, plaintiff's acknowledgment of being disruptive, or at least perceived as such, cuts in favor of the United States' position. It cannot be reasonably disputed that Zachem's motivation for notifying the jury office about reports of a disruptive

juror was at least in part to "discharge his duty" as a prosecutor. *Council on American Islamic Relations,* 444 F.3d at 665.

Plaintiff simply has not alleged sufficient facts to rebut the government's certification that Zachem was acting within the scope of his employment. Accordingly, as to the fraud claim (Count 1) against the federal defendants, the Federal Tort Claims Act ("FTCA") is the exclusive remedy and the United States is substituted as the sole defendant. 28 U.S.C. § 2679 (b)(1). Under the FTCA, Congress has specifically exempted the United States from liability based on "[a]ny claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). Sovereign immunity therefore bars plaintiff's fraud claim against the federal defendants.

### B. Defendant Zachem is Immune From the Individual-Capacity Lawsuit

The complaint against AUSA Zachem in his individual capacity for constitutional violations is cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is the federal counterpart to § 1983.[3] Zachem asserts that he is entitled to absolute immunity because at all relevant times he was performing his prosecutorial duties. Given the previously stated facts, the Court agrees. A prosecutor is absolutely immune from a damages lawsuit predicated on his "initiating a prosecution and [] presenting the State's case." *Imbler v. Pachtman* 424 U.S. 409, 430-431 (1976); *see Moore v. Valder*, 65 F.3d 189, 193-4 (D.C. Cir. 1995) ("Advocatory conduct protected by absolute immunity 'include[s] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.'") (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259 273, 113 S.Ct. 2606, 2615 (1993)).

---

[3] The FTCA's exclusive provision "does not extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A); *see Carlson v. Green*, 446 U.S. 14, 19 (1980) ("Congress views FTCA and *Bivens* [remedies] as parallel, complementary causes of action.").

## CONCLUSION

For the foregoing reasons, the defendants' respective motions to dismiss are granted.  A separate Order accompanies this Memorandum Opinion.


_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Date: April 5, 2007